OPINIONS OF THE SUPREME COURT OF OHIO

     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.

     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.

     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Lorain County Bar Association v. Motsch.
[Cite as Lorain Cty. Bar Assn. v. Motsch (1993),     Ohio
St.3d      .]
Attorneys at law -- Misconduct -- Six-month suspension stayed
     with conditions -- Neglect of an entrusted legal matter --
     Failure to carry out a contract of employment -- Conduct
     involving dishonesty, deceit or misrepresentation --
     Neglecting or refusing to assist a grievance committee
     investigation.
     (No. 92-2164 -- Submitted January 6, 1993 -- Decided March
17, 1993.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 91-07.
     In an amended complaint filed on March 19, 1992, relator,
Lorain County Bar Association, charged respondent, Barry B.
Motsch, Attorney Registration No. 0039535, with violations of
DR 6-101(A)(3) (neglect of an entrusted legal matter),
7-101(A)(2) (failure to carry out a contract of employment),
1-102(A)(4) (conduct involving dishonesty, deceit, or
misrepresentation), and former Gov.Bar R. V(5)(a) (now V[4][G])
(neglecting or refusing to assist a grievance committee
investigation).  Respondent admitted the violations by
stipulating to them at a hearing before a panel of the Board of
Commissioners on Grievances and Discipline of the Supreme Court
held on August 13, 1992.
     Relator was employed, individually, by Patricia LaBella,
Linda Brown, Vicki Stipe, Clecy Joe Casteel, and Ted Vanche to
represent each one in separate domestic relations matters.  In
each case, respondent repeatedly lied to each client when he
advised each one that he had initiated proceedings when he had
not.  Further, he repeatedly lied to each client when he
advised each one that the client's case was set for hearing
when it was not and repeatedly advised each client that the
hearing in each matter had been continued when it had not been.
     As to the LaBella and Brown complaints, respondent, at the
request of relator, promised to respond in writing to their
complaints.  However, he did not.
     The panel found violations of the above Disciplinary Rules

and bar governing rule.  The panel recommended that we suspend respondent for six months.  However, in light of respondent's effective and meritorious service as an attorney for his public employer before his entry into private practice and since his return to public employment, it further recommended staying the suspension, with the stay to continue if, within three years following August 13, 1992, the date of respondent's hearing, respondent (1) refrains from private practice; (2) completes, and provides proof of completion of, at least six hours of continuing legal education on practice management in addition to his mandatory continuing legal education; and (3) refunds $100 to Stipe.  The board adopted the panel's findings of fact, conclusions of law, and recommendation.

Savoy, Bilancini, Flanagan & Kenneally and Darrel A. Bilancini, for relator.
Charles F. Adams, for respondent.

Per Curiam.  We agree with the board's findings and recommendation.  Accordingly, we suspend respondent from the practice of law for a period of six months, but stay the suspension, with the stay to continue if, within three years from August 13, 1992, respondent (1) refrains from private practice; (2) completes, and provides proof of completion of, at least six hours of continuing legal education on practice management in addition to his mandatory continuing legal education; and (3) refunds $100 to Stipe.  Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.